UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TODD GOSHA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17-cv-00335-WTL-DLP |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Todd Gosha's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as No. WVS 17-04-0004. For the reasons explained in this entry, Mr. Gosha's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

Mr. Gosha's disciplinary proceeding arises from allegations that, on April 12, 2017, he collected two cups of feces in his own cell, reached them through his cell's "cuff port," and threw the feces through the open cell door of his neighbor, Cameron Mayfield.

On April 18, 2017, Lieutenant Gary McMillin prepared a conduct report stating:

> On 4/18/17 I Lt. McMillin received a note stating that on 4/12/17 an offender had thrown feces into a cell from his cuff port. Upon reviewing the video I seen Offender Gosha, Todd 167028 cell B East 305 stick his arm out of his cuff port (305) and throw 2 cups of feces into cell 304, while the offender's door was open for work detail. The video review was on camera SCU B-Ease B3E and B-3 Dayroom. Times at 6:48:27pm to 6:48:54pm.

Dkt. No. 9-1. On the same date, Mr. Gosha was charged with violating § 106 of the Indiana Department of Correction (IDOC) disciplinary code, "Possession of Dangerous/Deadly Contraband/Property." Dkt. No. 9-3.

Mr. Gosha collected statements from three correctional officers and presented them at his hearing. Officer R. Campbell stated that, although he was working nearby, he did not see Mr. Gosha throw feces into Mr. Mayfield's cell and that Mr. Mayfield had not informed him of the incident. Dkt. No. 9-6. Officer K. Hasler stated that, around 8:30 P.M. on April 12, Mr. Mayfield called Officer Hasler to his cell and accused Mr. Gosha of throwing feces into the cell. Dkt. No. 9-7. Officer Hasler's statement indicates that he could not see or smell feces in the cell at that time. *Id.* Officer Reed stated that, around 6:30 A.M. on April 13, Mr. Mayfield requested clean clothes and bedding because Mr. Gosha had thrown feces into his cell. Dkt. No. 9-8. Officer Reed also stated that he did not see or smell feces on the range or in the laundry barrel near Mr. Mayfield's cell. *Id.*

On April 25, 2017, Mr. Gosha was found guilty following a hearing. Dkt. No. 9-5. The hearing officer indicated that he reached his decision after considering the conduct report, staff

reports, Mr. Gosha's statement in his own defense, witness statements, and Mr. Mayfield's note originally reporting the incident. *Id.* The hearing officer imposed sanctions including a written reprimand, 36 days' lost phone privileges, three months in disciplinary restrictive housing, 63 days' lost good-time credit, and a one-step demotion in credit class. *Id.*

Mr. Gosha appealed the hearing officer's decision to the warden and to the IDOC's final reviewing authority without success. Dkt. Nos. 9-9, 9-10. After reconsidering the appeal, however, the final reviewing authority reduced the charge to § 228, "Possession of Altered Property." The final reviewing authority reasoned that Mr. Gosha "possessed and modified use of a drinking cup to hold and throw feces (modifying the intended use of the drinking cup for the purpose of using it as a weapon)." Dkt. No. 9-11. Mr. Gosha's sanctions were not adjusted.

### III. Analysis

Mr. Gosha raises two challenges to his conviction, and both concern the sufficiency of the evidence supporting his conviction. First, Mr. Gosha asserts that he was convicted based solely on Mr. Mayfield's allegations. Dkt. No. 2 at 3. Second, he argues that "Screening Officer S. McMillin did not take my witness statements into consideration when he found me guilty." Dkt. No. 2 at 3. The Court construes this as an argument that the hearing officer did not consider the three officers' statements before rendering his decision.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is

much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. Gosha's conviction is not based solely on Mr. Mayfield's allegations. Rather, the conduct report indicates that Mr. Mayfield's allegations prompted prison staff to review security video. *See* Dkt. No. 9-1. The respondent filed a copy of that video with the Court *ex parte*. *See* Dkt. No. 11. As the conduct report states, the video shows an inmate extend a cup out of his cell's cuff port, throw its contents into an adjacent cell, and then repeat the process. The hearing officer's report indicates that he considered the conduct report in reaching his decision. *See* Dkt. No. 9-5.

The hearing officer's report further indicates that he considered the three officers' statements before rendering his decision. *See id.* That the hearing officer did not decide the case in Mr. Gosha's favor based on those statements does not mean that he has been denied due process. "[B]ecause the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) (*quoting Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989)). Although the officers' statements do not state definitively that Mr. Gosha threw feces into Mr. Mayfield's cell, they also do not preclude that conclusion. It therefore was possible for the hearing officer to consider those reports and still find Mr. Gosha guilty.

The conduct report describing the prison's security video and identifying Mr. Gosha as the perpetrator, combined with Mr. Mayfield's note and the various witness statements documenting his allegations that feces were thrown into his cell, amount to "some evidence" that Mr. Gosha

threw feces into Mr. Mayfield's cell. This Court has recently found that human feces are a "weapon" for purposes of the IDOC's disciplinary code. *See Vaughn v. Zatecky*, No. 1:17-cv-01094-TWP-DLP, 2018 WL 1469286, at *2–3 (Mar. 26, 2018) (applying IDOC, *Adult Disciplinary Process*, App'x 1, § 102 (June 1, 2015) (including body fluids and waste as weapons)). Accordingly, there is some evidence to support the conclusion that Mr. Gosha possessed two cups and used them for the modified purpose of propelling a weapon (his feces) into Mr. Mayfield's cell. *See* IDOC, *Adult Disciplinary Process*, App'x 1, § 228.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Gosha to the relief he seeks. Accordingly, Mr. Gosha's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/21/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TODD GOSHA
167028
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov